UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARGARET K. WOLF,

       Plaintiff,

  -vs-　　　　　　　　　　　**No. 1:16-cv-00327-MAT**
　　　　　　　　　　　　　　　　　　　**DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

       Defendant.

---

## I. Introduction

Represented by counsel, Margaret K. Wolf ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

## II. Procedural History

On March 27, 2014, Plaintiff filed for a period of disability and disability insurance benefits, alleging disability beginning

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

November 1, 2013 due to back disorder (discogenic and degenerative) and affective disorder (T. 110, 217-23).[2] Plaintiff's application was denied on June 3, 2014 (T. 154-61), and she timely requested a hearing before an administrative law judge ("ALJ"). ALJ Robert T. Harvey held a hearing on October 14, 2015 (T. 43-78), and, on October 26th, issued a decision in which he found Plaintiff was not disabled as defined in the Act (T. 22-40). On April 7, 2016, the Appeals Council denied review leaving the ALJ's decision as the final agency decision (T. 1-7). This action followed. The Court assumes the parties' familiarity with the facts of this case, which will not be repeated here. The Court will discuss the record further below as necessary to the resolution of the parties' contentions.

## III. The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2016 (T. 27). At step one of the five-step sequential evaluation, *see* 20 C.F.R. § 404.1520, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2013, the alleged onset date (*Id.*). At step two, the ALJ found that Plaintiff had the severe impairments of discogenic cervical and lumbar spine, cervical and lumbar radiculopathy, headaches and depressive

---

[2] Citations to "T." in parentheses refer to pages in the certified copy of the administrative transcript.

2

disorder with anxious mood (*Id*.). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment (T. 28-30). Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except that Plaintiff: (1) could not work in areas with unprotected heights, or around heavy, moving or dangerous machinery; (2) should never climb ropes, ladders, or scaffolds; (3) could not work in areas where she would be exposed to cold or dampness, (4) has occasional limitations in the ability to handle (gross manipulation), bend, climb, stoop, squat, kneel, balance, crawl; and (5) has occasional limitations in the ability to respond appropriately to changes in the work setting and deal with stress (T. 30-34). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work (T. 34). At step five, the ALJ found, considering Plaintiff's age, education, work experience, and RFC, that jobs exist in significant numbers in the national economy that Plaintiff can perform (T. 35). Accordingly, the ALJ found that Plaintiff was not disabled (T. 36).

## IV. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also*

3

*Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**V. Discussion**

Plaintiff makes the following arguments in support of her motion for judgment on the pleadings: (1) the ALJ's RFC assessment is unsupported by substantial evidence because the ALJ failed to develop the record by obtaining a treating medical opinion as to Plaintiff's physical limitations and (2) the ALJ erred in failing to do a full and proper credibility assessment of Plaintiff as required under SSR 96-7p and 20 C.F.R. § 404.1529.

**A. Duty to Develop the Record and Bare Medical Findings**

Plaintiff argues that the ALJ's RFC assessment is unsupported by substantial evidence because the ALJ had no competent medical source opinion from which to draw his conclusion that Plaintiff was limited as delineated in the RFC finding (Docket 9 at 16-17). Plaintiff requests that this matter be remanded to the ALJ for a new hearing to address this error (*Id.* at 21). In response, the Commissioner contends that the ALJ was under no obligation to re-contact a treating physician to obtain a specific RFC assessment,

4

particularly where the record contains sufficient evidence for the ALJ to assess a claimant's RFC and where Plaintiff has the burden of proof as to disability (Docket 10 at 10-13).

The regulations provide that although a claimant is generally responsible for furnishing evidence upon which to base an RFC assessment, before the Administration makes a disability determination, the ALJ is "responsible for developing [the claimant's] complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 404.1545 (citing 20 C.F.R. §§ 404.1512(d) through (f)). Although the RFC determination is an issue reserved for the Commissioner, "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dailey v. Astrue*, 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)).

Despite the extensive record in this case, remand is required because the ALJ failed to properly develop the record by obtaining a medical source opinion concerning Plaintiff's physical limitations, relying instead on an informal and ambiguous statement in treatment notes. The medical record shows that Plaintiff sought treatment for her back beginning in 2012 after her pain became

progressively worse while caring for her father who suffered a hip injury (T. 93). In mid-2013, Plaintiff began seeing pain management specialist Dr. Eugene Gosy of Gosy & Associates Pain Treatment & Neurology, LLP. Dr. Gosy, who treated Plaintiff through 2015, included the following ambiguous statement regarding Plaintiff's limitations in the treatment notes: "Functional Inquiry: Mild using proper body mechanics" (Docket 10 at 11). Dr. Gosy does not offer some measure of what was meant by "mild" use of "proper body mechanics,"[3] and it is inadequate, without more, to be considered as an informal opinion of Plaintiff's physical limitations. *Compare Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (concluding informal opinions not incomplete or vague where description of Plaintiff's limitations was not simply "mild to moderate" but "provided additional clarifying information: '[m]ild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting,'" and informal opinions accompanied by other medical evidence of record).

Moreover, Dr. Gosy's treatment notes appear to be divided between "Subjective" and "Objective" sections. The characterization of "mild" use of "proper body mechanics" falls under the Subjective section which includes, among other things, Plaintiff's description of the history of her present illness.

---

[3] Particularly, what is meant by "proper body mechanics," i.e., body "functions"?

6

Under the Objective section are subsections for "assessment," "care plan" and "comments." If Dr. Gosy intended to include an informal opinion regarding Plaintiff's physical limitations in his treatment notes, it is reasonable to assume he would have included it in the Objective section. In any event, clarification is needed and remand is warranted.

Nor did Dr. Gosy's treatment notes even suggest any other opinion concerning Plaintiff's physical limitations. Instead, "mild" use of "proper body mechanics" is repeated multiple times without alteration of explanation in the treatment notes from 2013 to 2015, along with other characterizations ("Employment Status: She is currently not working.") (*E.g.*, T. 413, 416, 419, 425, 541, 544, 547, 550, 553, 556, 559, 562, 565, 568, 571, 574, 577, 581, 584, 586, 589, 592, 595, 598, 601, 727).

This case is therefore distinguishable from the oft-cited *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013), which the Commissioner also references here in support of the ALJ's decision (Docket 10 at 13). In *Tankisi*, the Second Circuit concluded that because the record was otherwise complete, and included an informal treating physician opinion and a consulting opinion from an examining source, the ALJ did not err by failing to request a treating source opinion. However, the absence of any medical source opinion here left a clear gap in the record, which triggered the ALJ's duty to further develop it by obtaining an opinion regarding Plaintiff's physical limitations. *See*

7

*Crawford v. Astrue*, 2014 WL 4829544, at *20 (W.D.N.Y. Sept. 29, 2014) ("[W]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities . . . [, the Commissioner] may not make the connection himself." (alterations in original) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)).

Thus, the ALJ's conclusion that Plaintiff could perform light work with certain limitations (T. 30-34) is left unsupported by substantial evidence in the record. *See Guarino v. Colvin*, 2016 WL 690818, at *2 (W.D.N.Y. Feb. 22, 2016) ("[T]he ALJ had no medical source opinions on which to rely in formulating his RFC finding. As such, his RFC determination constituted an impermissible interpretation of bare medical findings." (citing *Cyman v. Colvin*, 2015 WL 5254275, at *7 (W.D.N.Y. Sept. 9, 2015)).

Remand is therefore required. *See, e.g.*, *Cyman*, 2015 WL 5254275, at *7 (W.D.N.Y. Sept. 9, 2015) (remanding where ALJ came to RFC determination without benefit of any medical source statement as to impairments). On remand, the ALJ is directed to obtain statements from Plaintiff's treating sources regarding her functional capacity as the result of her physical impairments. If necessary, the ALJ may also obtain consulting examining opinions regarding plaintiff's functional limitations. The Court emphasizes that in order to make a proper determination of Plaintiff's RFC in this case, it is incumbent upon the ALJ to obtain medical source

opinions from sources who have treated, or at the very least personally examined, Plaintiff.

B. **Credibility Determination**

Plaintiff also argues that the ALJ failed to properly assess her credibility under the factors set forth in SSR 96-7p,[4] 20 C.F.R. § 404.1529, and *Meadors v. Astrue*, 370 F. App'x. 179, 183, 184 n.1 (2d Cir. 2010) (Docket 9 at 19-21). Specifically, Plaintiff contends that the ALJ merely provided a broad, sweeping statement concluding that Plaintiff was not fully credible, without otherwise setting forth his reasons with any specificity (*Id.*). The Commissioner argues that the ALJ properly considered Plaintiff's credibility and found that Plaintiff's reports of pain and other limitations were not consistent with the objective medical evidence (Docket 10 at 14-15).

A claimant's statements of pain or other subjective symptoms cannot alone serve as conclusive evidence of disability. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d. Cir. 2010) (citing 20 C.F.R. § 404.1529(a)). In evaluating a claimant's assertions of her subjective symptoms, the ALJ must follow a two-step analysis. *Id.* First, the ALJ determines if a claimant has a "medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Id.* (citing 20 C.F.R.

---

[4] On March 28, 2016, SSR 16-3p superseded SSR 96-7p. However, the parties do not dispute the application of SSR 96-7p at the time of the October 2015 hearing and decision by the ALJ in this case.

9

§ 404.1529(b)). Second, if an impairment of that nature is present, the ALJ must then determine "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in the administrative record. *Id.* (alteration in original) (quoting 20 C.F.R. § 404.1529(a)).

If a claimant offers statements about pain or other symptoms that are not substantiated by the objective medical evidence, "the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 183 (citing 20 C.F.R. § 404.1529(c)(3)). In making this credibility determination, the ALJ must consider seven factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken; (5) other treatment received; (6) other measures taken to relieve symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3) (i)-(vii); *see also Meadors*, 370 F. App'x at 184 n.1.

The ALJ's credibility findings "must be set forth with sufficient specificity to permit intelligible plenary review of the record." *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014) (internal quotation marks and citation omitted). Social Security Ruling 96-7p notes that an ALJ may not simply "make a single,

conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" The Ruling further explains that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight."  SSR 96-7p(5).

Here, the ALJ's credibility determination is conclusory and insufficient.  After summarizing Plaintiff's testimony and finding Plaintiff had the severe impairments of discogenic cervical and lumbar spine and cervical and lumbar radiculopathy noted at step two, the ALJ found that Plaintiff was not "fully credible" because "the symptoms do not cause the degree of limitation alleged" based on the medical evidence in the record (T. 31).  The ALJ repeats this two other times, but does not otherwise offer any specific record evidence in support of his finding concerning Plaintiff's credibility (T. 31-34).

The Commissioner attempts to support the ALJ's finding that Plaintiff was not fully credible by referring to the ALJ's summary elsewhere in the decision of Plaintiff's statements regarding her daily activities (Docket 10 at 15-16).  However, the ALJ offered no basis whatsoever to suggest why Plaintiff's daily activities undermined her credibility.  It is well-settled that "[a] reviewing court may not accept appellate counsel's post hoc rationalizations

11

for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (internal quotation marks omitted).

The Commissioner attempts to further support the ALJ's decision by referring to the statement discussed above regarding a "mild use" of "proper body mechanics" in Dr. Gosy's treatment notes (Docket 10 at 15). As explained above, the vague characterization is insufficient in explaining Plaintiff's physical limitations at issue here or otherwise identifying whether the characterization is made by Dr. Gosy about Plaintiff's limitations or made by Plaintiff to Dr. Gosy. Nor does the ALJ offer any reason in his decision as to why the statement in Dr. Gosy's treatment notes detracts from Plaintiff's credibility. Moreover, as the medical record shows, Dr. Gosy repeatedly found a limited ROM to neck due to pain, trigger points in the lumbar territory, an absence of lumbar retroflexion (extension of 0 degrees), and a limitation to anteflexion of forty-five degrees (*E.g.*, Tr. 414, 417, 420, 425-26, 542, 544).

Although the ALJ is not required to discuss all seven factors, his decision must include precise reasoning supported by record evidence and clearly indicate the weight the ALJ gave to a claimant's statements and the reasons for that weight. *See Snyder v. Barnhart*, 323 F. Supp. 2d 542, 546–47 & n.5 (S.D.N.Y. 2004) (upholding ALJ's credibility assessment where ALJ incorporated internal consistency of plaintiff's symptom statements and consistency with his treatment history into his decision, even

though ALJ did not explicitly discuss all seven credibility factors).

On remand, the ALJ is directed to assess Plaintiff's credibility pursuant to the factors set forth in SSR 96-7p, 20 C.F.R. § 404.1529, and *Meadors v. Astrue*, 370 F. App'x. 179, 183, 184 n.1 (2d Cir. 2010) offering precise reasoning supported by evidence in the record in order to permit intelligible, plenary review.

**VI. Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 10) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: November 8, 2017
Rochester, New York.